IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                                                           PLAINTIFF

v.                                          Civil No. 4:19-cv-04071

WARDEN WALKER, Miller County
Detention Center ("MCDC"); CAPTAIN
G. ADAMS, Disciplinary Judge, MCDC;
CORPORAL B. SMITH, MCDC; and CORPORAL
R. HENDERSON, MCDC                                                                        DEFENDANTS

**<u>ORDER</u>**

Before the Court is Plaintiff Melton Lee Miller's failure to obey a Court order. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 20, 2019. (ECF No. 1). Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP") with his Complaint. ECF No. 2. The Court entered an order stating that it appears "Plaintiff is ineligible for IFP status" and directing Plaintiff to advise the Court "why [Plaintiff] does not believe the three strikes rule applies to this case." ECF No. 3, p. 1-2. The Court gave Plaintiff until July 19, 2019, to comply with the order and informed Plaintiff that failure to comply by the Court's imposed deadline would result in the dismissal of this case. ECF No. 3, p. 2. The order was mailed to Plaintiff's address of record and has not been returned as undeliverable. To date, Plaintiff has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to

1

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a Court order and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 1st day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge